# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### December 8, 2015 Session

## STATE OF TENNESSEE v. KEITH TRAMMELL

**Appeal from the Criminal Court for Shelby County**
**Nos. 13-03215, 13-03989     James C. Beasley, Jr., Judge**

---

**No. W2014-02433-CCA-R3-CD  -  Filed February 19, 2016**

---

The defendant, Keith Trammell, was convicted by a Shelby County jury of theft over $1000, a Class D felony; vandalism over $500, a Class E felony; and two counts of coercion of a witness, a Class D felony.  The trial court sentenced him as a career offender to twelve years for the theft conviction, six years for the vandalism conviction, and twelve years for each of the coercion convictions.  The court ordered the theft and vandalism sentences to be served concurrently to each other and the coercion sentences to be served concurrently to each other but consecutively to the theft and vandalism sentences, for a total effective sentence of twenty-four years at 60% in the Department of Correction.  On appeal, the defendant argues that the trial court erred by sentencing him as a career offender and by allowing the State to introduce evidence of uncharged crimes. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Terrell L. Tooten, Memphis, Tennessee (on appeal and elbow counsel at trial); and Keith Trammell, Pro Se (at trial), for the appellant, Keith Trammell.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jose Leon, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

On Wednesday, March 20, 2013, Memphis homeowner and resident Wendy Trenthem and her teenaged son discovered two men lifting her central air conditioning condenser unit into the back of a pickup truck. Mrs. Trenthem took the men's photographs, went inside to call the police, and watched from her kitchen as the men attempted to start the pickup truck. When the truck would not start, one of the men fled on foot. The other man, whom she later identified as the defendant, managed to get the truck's engine started and the vehicle to move backwards a short distance down her driveway but apparently was unable to get it into drive. After briefly walking away, the defendant returned, got back inside the truck, and gunned the engine, which caused the vehicle to shoot backwards down Mrs. Trenthem's drive, scraping against the side of her house and knocking down the gate to her backyard fence. At that point, the defendant again exited the truck and walked away. He was arrested a few minutes later approximately four houses north of Mrs. Trenthem's home.

On Saturday, March 23, 2013, Mrs. Trenthem received four letters, all of which had been sent from the county jail and were postmarked March 22. Menacing messages were handwritten on the envelopes of three of the letters, with certain words underlined for emphasis. The letter that was designated as "#1" contains the return addressee "Terri Hill" at "201 Poplar Ave"[1] and the following message on the back of the envelope[2]: "Do you watch T.V. The times of today's world are in they last people are doing all kind of crazy things. This is not a charge that would cost once life in jail. That murder or killing someone and get away!!!"

The letter designated as #2 contains the return addressee "Mac Crip" at "201 Poplar Ave" and the following message on the back of the envelope:

> Those photo and lie cost more than what you want to pay. Don't need you in court thanks. Forget all court date & photo. Police don't care. Put life of family in danger no reason. Your house address and family is now being watched, because you let them get away, and lied on wrong person.

The return addressee on the envelope of the letter designated as "#3" was "Do or Die" at "201 Poplar" and contained a handwritten note on the front, stating: "Maybe you move your family Mrs Show Out)." On the back of the envelope was a handwritten note

---

[1] 201 Poplar Avenue is the address of the Shelby County Jail.

[2] We have made no attempt to correct spelling or grammar.

that stated: "Please read You can trust what you want. But I watch your family better than police. I will know if the police hear about these letters. Than you know."

The return addressee of the letter designated as "#4" was "May God Bless Us" at "201 Poplar Ave." Nothing other than Mrs. Trenthem's name and address was written on this envelope. Mrs. Trenthem did not open any of the envelopes but instead contacted the police, whose investigation uncovered the defendant's fingerprints on the letter designated as "#1" and on the envelope of the letter designated as "#2."

On July 16, 2013, the Shelby County Grand Jury indicted the defendant for theft over $1000 and vandalism over $500 for the March 20, 2013 theft and vandalism of Mrs. Trenthem's property. On August 20, 2013, the Shelby County Grand Jury returned a second indictment charging the defendant with two counts of the coercion of a witness, based on letters #1 and #2. At the defendant's request, the two cases were consolidated for trial. The defendant elected to represent himself at trial, with elbow counsel appointed to assist him, and was convicted of the indicted offenses. The defendant subsequently elected to have his elbow counsel represent him at sentencing, at the motion for new trial, and on appeal. At the conclusion of the sentencing hearing, the trial court found that the defendant had 13 prior felony convictions in Tennessee and four prior felony convictions in North Carolina and sentenced the defendant as a career offender to an effective sentence of twenty-four years in the Department of Correction. Following the denial of his motion for new trial, the defendant filed a notice of appeal to this court in which he challenges his classification as a career offender and the trial court's admission of letters #3 and #4 into evidence.

## ANALYSIS

### I. Career Offender Classification

The defendant first contends that the trial court erred by sentencing him as a career offender. Specifically, he argues that the trial court should not have relied on his presentence report, which contained inaccurate and unreliable information about his convictions, in finding that he had the requisite number of prior felonies to be sentenced as a career offender. He asserts that because he did not stipulate to the report's accuracy, and because he denied during his sentencing hearing testimony that he had the eleven prior felony convictions listed by the State in its notice of enhanced punishment, "the pre-sentence report should have been certified." The defendant points out that several of his felony convictions have the same offense date and argues that they should have been considered as one offense for range classification purposes. He also asserts that all his prior North Carolina convictions were misdemeanors, rather than felonies.

The State argues that the defendant has waived any issue regarding the introduction of the presentence report and the grouping of his various felonies with the same offense date by not raising objections in the lower court. The State further argues that, even if the court were to recount the felonies by counting ones with the same offense date as a single felony, the defendant would still have nine prior felony convictions and be classified as a career offender.

As an initial matter, we agree with the State that the defendant has waived his argument regarding the introduction of the presentence report and the fact the State did not introduce certified copies of his convictions by his failure to raise an objection before the trial court. Defense counsel specifically stated at the beginning of the sentencing hearing that he had no objection to the introduction of the presentence report, although he did later point out that four of the defendant's prior felonies were for forgery and had the same offense date. Tennessee Code Annotated section 40-35-209(b) provides in pertinent part that, at a sentencing hearing, "reliable hearsay . . . may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted." This court has consistently held that the presentence report is reliable hearsay. See State v. Baker, 956 S.W.2d 8, 17 (Tenn. Crim. App. 1997). Moreover, we have also held that certified copies of prior judgments are not required to support a defendant's offender classification and that the court may take judicial notice of information in a presentence report. See State v. James Alton Campbell a/k/a Jamie Campbell, No. M2006-01817-CCA-R3-CD, 2007 WL 3275491, at *6 (Tenn. Crim. App. Nov. 7, 2007), perm. app. denied (Tenn. Apr. 14, 2008).

We also agree with the State that, even if the felonies in the presentence report that have the same offense date are counted as single felonies for range classification purposes, the defendant still has more than enough prior felonies for sentencing as a career offender. Tennessee Code Annotated section 40-35-108(a)(3) provides that a career offender is a defendant who has received "[a]t least six (6) prior felony convictions of any classification if the defendant's conviction offense is a Class D or E felony." The trial court found that the defendant, based on its review of the presentence report, had nineteen misdemeanor and thirteen felony convictions in Tennessee and two misdemeanor and four felony convictions in North Carolina. Eliminating the North Carolina convictions and counting the felonies with the same offense date as single felonies, the defendant still has nine prior Tennessee felonies. Accordingly, we conclude that the trial court properly sentenced the defendant as a career offender.

## II. Admission of Letters #3 and #4

The defendant also contends that the trial court erred by admitting the third and fourth letters into evidence, arguing that because they constituted proof of other crimes,

the trial court should have conducted a Tennessee Rule of Evidence 404(b) analysis of whether their probative value outweighed the danger of unfair prejudice. The defendant asserts that any probative value of the letters was clearly outweighed by their highly prejudicial impact on the jury given the cumulative nature of the evidence and the fact that the jurors "very likely . . . confused what language was on which letter" and convicted him based on language of a letter for which he was not charged.

The State argues that the defendant has waived the issue because he never argued at trial that the letters were inadmissible propensity evidence. The State further argues that the defendant's argument fails on its merits because a material issue existed other than the defendant's conduct conforming with a character trait, there was clear and convincing evidence that the victim received the letters, and there was no indication that the additional letters caused unfair prejudice to the defendant or confusion to the jury. We agree with the State.

The record reveals that the defendant introduced the first letter into evidence, letter #2, through the testimony of the police officer who was assigned to the coercion case. Before the jury was brought into the courtroom the next day, the State mentioned its intention to introduce the other three letters into evidence. The defendant objected, arguing that there were "a lot" of letters, that he was "only charged with two counts," and that the detective who was in court the previous day was the "only one that knows about the letters." The defendant went on to argue that the State should have introduced the letters through the detective because Mrs. Trenthem had not opened or read the letters. The court explained that the letters could be marked as exhibits assuming that Mrs. Trenthem could identify them as the ones she received. The court also reassured the defendant that he could state any objection to the letters at the appropriate point in the proof and that the court would then rule on his objection. However, at each point in Mrs. Trenthem's testimony that the State moved to introduce the successive letters into evidence, the defendant stated that he had no objection. We, therefore, agree with the State that the defendant has waived any 404(b) argument by his failure to give the trial court an opportunity to address it at trial. See Tenn. R. App. P. 36(a).

We also agree with the State that, regardless of waiver, the defendant would not be entitled to relief on the merits of this issue. Tennessee Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait." Such evidence, may, however, be admitted for other purposes if it is relevant to some matter at issue in the case and if its probative value is not outweighed by the danger of its prejudicial effect. See id. "Issues to which such evidence may be relevant include identity, motive, common scheme or plan, intent, or the rebuttal of accident or mistake defenses." State v. Kiser, 284 S.W.3d 227, 288 (Tenn. 2009) (citations omitted). Closely related to the

"common scheme or plan" category is the "same transaction" category, which "permits other acts to be admitted to provide the trier of fact with the 'full story'" of the crime. Neil P. Cohen et al., <u>Tennessee Law of Evidence</u> § 4.04[13] (6th ed. 2011).

The introduction of all four letters helped the jury to understand the "full story" of the crimes, given the fact that Mrs. Trenthem received all four together in the same day's mail. Moreover, evidence of her receipt of the letters was clear and convincing, and there was no evidence that the probative value of the letters was outweighed by the danger of unfair prejudice to the defendant's case. As the State points out, the indictment clearly indicated on which letters the charges were based, the jury was appropriately charged in accordance with the indictment, and the State explained during closing argument the evidence upon which it relied for the convictions. Accordingly, we conclude that the trial court did not err in admitting the letters.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE

6